[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PARTIAL MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT #101
Plaintiff insurer has paid its insured water-caused damages suffered in plaintiff's building in which defendant ADT had installed and monitored a system to sense air temperature. It is alleged this system did not perform and that frozen pipes burst. Insurer seeks to recover from ADT the money it paid its insured.
In count one, the insurer alleges that the damage was proximately caused by the negligence and carelessness of the defendant in failing to monitor air temperature. In count two, it is alleged that the defendant breached the contract by failing to CT Page 5286 notify a representative of the plaintiff or the appropriate police or fire departments of the alarm signals.
Defendant ADT seeks summary judgment on the ground that there is a valid and enforceable limitation of liability clause that limits the defendant's liability for damages to $1000.[1] The plaintiff contends that the $1000 cap applies only to injuries based on the defendant's improper maintenance and repair of the alarm system, not to the plaintiff's injury caused by the defendant's negligent advice, consultation, and improper installation.
"It is settled law that a contract provision which imposes a penalty for a breach of the contract is contrary to public policy and is invalid, but a contractual provision which fixes liquidated damages for a breach of the contract is enforceable if it satisfies certain conditions." Norwalk Door Closer Co. v.Eagle Lock Screw Co., 153 Conn. 681, 686, 220 A.2d 263 (1966). "The requisite three conditions are that: (1) the damage which was to be expected as a result of a breach of contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable." (Internal quotation marks omitted.) Mattegat v. Klopfenstein,50 Conn. App. 97, 102, 717 A.2d 276, cert. denied, 247 Conn. 922, ___ A.2d ___ (1998). This third condition requires that "the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damage, which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract." Norwalk Door Closer Co. v. Eagle Lock Screw Co., supra, 153 Conn. 686.
In Mattegat v. Klopfenstein, supra, 50 Conn. App. 97, the court held that the clause at issue there was not an enforceable liquidated damages clause. The clause provided: "The Company's liability for any Client post-inspection (Limited-Time) claims is limited to a maximum of the inspection fee paid unless an inspection warranty was purchased by the Client. This liability limit also applies to Extended-Time Inspections six (6) months from the inspection date." Id., 101 n. 3. The court held that the defendant failed to satisfy the three requirements necessary for a valid liquidated damages clause because: (1) the defendant offered no explanation as to why damages were uncertain or CT Page 5287 difficult to prove; (2) the defendant failed to demonstrate an intent on the parties to liquidate damages in advance; and (3) the defendant failed to explain how an inspection fee of $225 was reasonable in relation to the plaintiff's claimed damages. Id., 103. The court further held that "[t]he sole fact even remotely related to the intent of the parties is that the plaintiffs signed the preprinted agreement. That fact, standing alone, is not sufficient to establish an intent to liquidate damages in advance." Id.
"A number of Connecticut Superior Court cases have addressed the issue of liquidated damage provisions in fire and theft alarm installation, testing and monitoring agreements. The provisions have been upheld." U.S. Fidelity and Guaranty Co. v. SonitrolServices. Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 134267 (July 29, 1996,Arnold, J.); see also cases cited therein.
"[I]n those cases where liquidated damages provisions have been held to be unenforceable, it has generally been because, notwithstanding the validity of the contract provisions, there still exist genuine issues of material fact requiring trial."Benjamin v. Detect, supra, Superior Court, Docket No. 319789. For example, in Wehbe v. Comsec Naragansett Security. Inc., Superior Court, judicial district of Waterbury, Docket No. 129603 (April 25, 1996, Fasano, J.), the court denied the defendant's motion for summary judgment since it held that "a material issue of fact exists as to whether the amount stipulated in the liquidated damages clause is reasonable in terms of the presumable loss[2]
which would be sustained in the event of a breach of contract." Id. Liquidated damages provisions have also been held to be unenforceable in cases where the defendants act fraudulently or in bad faith. See New England Variety Distributors, Inc. v. AlarmSecurity Protection Co., Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 545381 (September 25, 1998, Peck, J.) (23 Conn. L. Rptr. 85, 87).
Here, paragraph E of the parties contract provides that "[i]t is impractical and extremely difficult to fix the actual damages, if any, which may proximately result from failure on the part of ADT to perform any of its obligations hereunder." The parties intent to liquidate damages is established by the language of paragraph E which actually gives the plaintiff an opportunity to amend the contract prior to signing it; the provision states that "[i]f the customer desires ADT to assume a greater liability, ADT CT Page 5288 shall amend this agreement. . . ." The amount stipulated, either 10 percent of the annual service charge or $1000, whichever is greater, is best deemed reasonable, especially since the plaintiff was given the opportunity to negotiate a larger amount of liquidated damages pursuant to the agreement.[3]
The defendant has satisfied the three requirements enforcing the validity of a liquidated damages clause and therefore the defendant's liability, if any, is limited to $1000. Without determining the other issues raised, the court feels obliged to advise the parties of this in the spirit of judicial economy. The parties should advise the court within forty-five days if it is necessary for the other issues to be reached.
NADEAU. J.